# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Vernon Green

    v.

Mary Washington
College

May 9, 2003

Case No. CL03-26

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court pursuant to Va. Code § 2.2-3006(B) in which the grievant/appellant, Vernon Green, seeks to reverse the decision of a hearing officer that sustained the Appellant's termination as a state employee at Mary Washington College, employer/appellee (hereinafter referred to as the "Agency"). Specifically, the Appellant was discharged for failing to report to work in a timely manner, failing to respond to a page telephone call, and failing to follow established department policies. The Agency issued three separate "Group II" written violation notices to the Appellant. The hearing officer reversed the Agency's finding as to the charge of failing to respond to a page phone call. The remaining two offenses were affirmed by the hearing officer.

This matter came on for hearing before this Court on April 28, 2003. At that time, counsel for the Appellant attempted to supplement the record through the introduction of four documents, which were designated Appellant Exhibit Nos. 1 through 4. This Court cannot find any authority, statutory or case law, that would permit the Appellant to supplement the administrative record at this stage of the proceedings. Consequently, Appellant's motion to supplement the record with these four documents is denied.

The Appellant argues that the administrative record does not, as a matter of law, establish by a preponderance of the evidence a factual basis to find the Appellant in violation of these two "Group II" offenses. The Agency submits that this Court's standard for review of the hearing officer's decision does not

permit it to reexamine questions of credibility and issues concerning factual findings unless the Court specifically finds that the hearing officer acted in an arbitrary and capricious manner.

The hearing officer set forth his findings of fact in his written opinion. These findings were set forth again in paragraph Nos. A(1) through A(4) and in B(1) through B(5) of the Agency's "Memoranda of Law in response to the Grievant's Petition for Appeal." These paragraphs are incorporated by reference in this Opinion as if fully set forth herein.

### The Standard of Review

The General Assembly enacted § 2.2-3006 Va. Code (1950 as amended) for the purpose of authorizing circuit courts, based on the record and sitting without a jury, to affirm, reverse, or modify the hearing officers' decisions. However, the only grounds of appeal of the hearing officer's decision is "that the decision is contradictory to law."

The Virginia Court of Appeals has addressed the standard of judicial review of decisions of hearing officers under the grievance procedure for state employees. The Court of Appeals recognized that the General Assembly has created a three prong system of review for state employee grievances by which, (1) matters of state personnel policy must be reviewed solely by the Department of Human Resources Management; (2) findings of fact are the sole responsibility of the hearing officer; (3) only errors of law made by the hearing officer are subject to review by the circuit court. Specifically, the Court of Appeals in the case of *Virginia Department of State Police v. Barton*, 39 Va. App. 439 (2002), held:

> These statutes clearly provide the hearing officer is to act as factfinder and the Director of the Department of Human Resource Management is to determine whether the Hearing officer's decision is consistent with policy. In the grievance process neither of these determinations is subject to judicial review, but only that part of the grievance determination is "contradictory to law."

(*Id*. p. 445.)

The Appellant would have this Court reject the hearing officer's findings of fact and consider the record as a whole on the theory that a reasonable mind would reach a different conclusion. Such a broad standard of review is not permitted. Applying the Court of Appeals standard in *Barton*, the hearing officer is the fact finder and issues relating to credibility should be deferred to the judicial officer who presided over the evidentiary hearing.

Upon a review of the entire administrative record, this Court cannot find any matters that were decided in a manner "contradictory to law." Consequently, the decision of the hearing officer is affirmed. The imputation of two "Group II" offenses by the Agency to the Appellant and his subsequent termination are affirmed.