COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Hodges


DIANA BARKER

                                                                    MEMORANDUM OPINION[*]
v.         Record No. 1003-05-2                                          PER CURIAM
                                                                     AUGUST 30, 2005
VIRGINIA DEPARTMENT OF CORRECTIONS


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                         James A. Luke, Judge Designate

               (James B. Thorsen; Craig J. Curwood; Thorsen & Scher, L.L.P, on
               brief), for appellant.

               (Judith Williams Jagdmann, Attorney General; Maureen Riley
               Matsen, Deputy Attorney General; Edward M. Macon, Senior
               Assistant Attorney General; Guy W. Horsley, Jr., Special Assistant
               Attorney General, on brief), for appellee.


        Diana Barker appeals the March 28, 2005 order of the circuit court denying her appeal of a

hearing officer's decision under the grievance procedure for state employees.  Barker argues the

trial court erred "in not finding that the hearing officer's decision of July 13, 2004 was not contrary

to the law . . . ."  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        Background

        Barker was employed as a probation officer by the Department of Corrections (the

Department).  She was appointed to an indefinite term to serve the Chesterfield Circuit Court by

order of that court dated December 21, 1992.  Her duties included preparing presentence reports and

scheduling related hearings.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After one of the circuit court judges determined Barker had been untruthful in representations she had made to the clerk's office concerning the time she needed to complete a presentence report, all of the judges in the circuit signed an order, dated April 2, 2004, rescinding Barker's appointment as a probation and parole officer serving that court. By letter dated April 5, 2004, the Department terminated Barker's employment.

Barker filed a grievance challenging her termination as well as a related Group II disciplinary notice the Department issued to her for failing to follow her supervisor's instructions. The hearing officer acknowledged Barker was removed from her employment without being given a reasonable opportunity to respond to the charges and without written authorization from the Department's Director of Human Resources. However, the hearing officer concluded those errors were harmless. The circuit court found Barker had failed to demonstrate the hearing officer's decision was "contradictory to law."

<u>Analysis</u>

Upon judicial review from the administrative grievance hearing, the circuit court, based on the record and sitting without a jury, may affirm, reverse or modify the hearing officer's decision. Code § 2.2-3006(A). "[T]he only grounds of appeal of the hearing officer's decision [to the circuit court] is 'that the determination is contradictory to law.'" <u>Virginia Dep't of State Police v. Barton</u>, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002) (quoting Code § 2.2-3006(B)).

> [D]eterminations of the circuit court may be appealed to this Court, pursuant to Code § 17.1-405(1), granting any aggrieved party the ability to appeal "[a]ny final decision of a circuit court on appeal from . . . a grievance hearing decision issued pursuant to § 2.2-3005." Code § 17.1-405(1). Thus, because the General Assembly granted to the circuit courts only the authority to consider whether the final determination of the hearing officer is "contrary to law," we are likewise limited to such review in considering whether the trial court erred in its determination.

Pound v. Department of Game and Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003); see also Tatum v. Department of Agric. and Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (the party that appeals a hearing panel's decision to the circuit court, is "required to 'specify how that decision [was] "contradictory" to law and what "law" [was] thereby being contradicted'" (quoting Barton, 39 Va. App. at 445-46, 573 S.E.2d at 322)).

Barker argues that the hearing officer's decision that the Department's failure to strictly follow its notice provision was harmless error is contrary to law. She further concludes her "constitutional rights of due process" were violated by the failure to provide her with a reasonable opportunity to respond to the charges.

Department of Corrections Procedure Manual (DOCPM) § 5-10.12(A)(3) provides:

> An employee unable to meet the working conditions of employment, due to circumstances such as those listed below may be removed under this section. Examples of such circumstances include . . . loss of license or certification required for the job, etc.

Code § 53.1-143 provides that the "judges of the judicial circuit to which an officer is assigned shall authorize the officer to serve as an officer of the court . . . ." The court permissibly removed Barker's authorization to serve as a probation and parole officer. She thus became unable to meet the working conditions of her employment. As she was no longer certified to perform her job, the Department was authorized to remove her pursuant to DOCPM § 5-10.12(A)(3).

DOCPM § 5-10.12(C) states:

> Prior to such removal, the appointing authority and personnel officer shall gather full documentation supporting such action and shall notify the employee, verbally or in writing, of the reasons for such removal, giving the employee a reasonable opportunity to respond to the charges. All removals under this section must have the written approval of the Director of Human Resources. Final notification of removal should be via memorandum or letter, not by a Written Notice form.

The hearing officer acknowledged that the Department "did not give [Barker] a reasonable opportunity to respond to the charges and no evidence of a written approval for removal by the Director of Human Resources was presented." The hearing officer then concluded that despite the failure to strictly comply with its own policy, the "noncompliance is harmless error." The hearing officer noted Barker "had the opportunity to present to the Hearing Officer any responses she would otherwise have given to the [Department] at the time she was removed from employment. Moreover, policy does not set forth any consequences if the Director of Human Resources does not issue written approval for the removal."

We find no error in the circuit court's affirmance of the hearing officer's decision and agree that any deviations from Department procedures constituted harmless error. The circuit court, by its April 2, 2004 order, rescinded Barker's appointment as a probation and parole officer serving that court. Thus, she was no longer "certified" to serve in her position with the Department. Barker does not now, and did not below, challenge the court's April 2, 2004 order. The Department did not make the determination that Barker's appointment should be rescinded. The action of the court could not have been challenged to the Department even if Barker had been provided an opportunity to respond to the charges before her termination. The Department could neither authorize nor rescind authorization for Barker to serve as a court-appointed probation officer. See Code § 53.1-143. Additionally, Barker was provided an adequate opportunity to respond to the charges against her at the grievance hearing.

The Department permissibly terminated Barker's employment pursuant to DOCPM § 5-10.12(A)(3). She was provided an opportunity to respond to the allegations through the grievance process of which she availed herself, thus affording her sufficient due process. We find no error in the court's affirmation of the hearing officer's harmless error determination.

- 4 -

Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>