COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Frank and Clements


DEANNA PORTER

                                              MEMORANDUM OPINION*
v.        Record No. 3093-03-1                    PER CURIAM
                                                  MAY 18, 2004
DEPARTMENT OF HUMAN RESOURCE
 MANAGEMENT, DEPARTMENT OF
 EMPLOYMENT DISPUTE RESOLUTION AND
 NORFOLK STATE UNIVERSITY


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Jerome James, Judge

        (Curtis T. Brown, on brief), for appellant.

        (Jerry W. Kilgore, Attorney General; Joseph R. Carico, Chief Deputy
        Attorney General; Judith Williams Jagdmann, Deputy Attorney
        General; Guy W. Horsley, Jr., Special Assistant Attorney General, on
        brief), for appellee.


        Deanna Porter was employed by Norfolk State University (NSU) and was terminated

effective January 10, 2003 pursuant to the issuance of a Group III Written Notice.  Porter initiated a

grievance challenging her termination.  Following an April 23, 2003 grievance hearing, the hearing

officer upheld the termination.  Porter then appealed to the Department of Human Resource

Management (DHRM), which affirmed the hearing officer's decision on July 9, 2003.  Thereafter,

the circuit court affirmed DHRM's decision in a November 10, 2003 final order.  Porter appeals to

this Court from that order.  On appeal, she argues she "was never afforded due process in this

matter."

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Background

On December 13, 2002, NSU issued to Porter a Group II Written Notice with termination effective January 10, 2003 for "failure to follow a supervisor's instructions, perform assigned work, or otherwise comply with established policy." The termination was based in part on NSU's determination that Porter used her position within the school's registrar's office to register herself for classes. This registration violated NSU's policy because Porter had unpaid balances due NSU at the time. Upon receipt of the notice, Porter indicated she disagreed with the charge. NSU conducted an investigation, reported its findings in writing, and determined the facts supported the charges against Porter. NSU also determined Porter had an active Group III Notice on file for past misconduct.

During the grievance review process, NSU invalidated the earlier Group III Notice. NSU also rescinded the December 13, 2002 Group II Notice, finding the offense was serious enough to warrant a Group III Notice. NSU issued the new Group III Notice, alleging an "abuse of her position and role within the University, and conspiring to violate University policy for personal gain," based upon the same acts as supported the earlier Group II Notice. Porter timely challenged the new Group III notice.

After the April 23, 2003 grievance hearing, the hearing officer determined NSU had proven Porter abused her position and that the Group III Notice with the sanction of termination was appropriate. In addition to her appeal to DHRM noted above, Porter also appealed the hearing officer's ruling to the Department of Employment Dispute Resolution (EDR), alleging the hearing officer violated the grievance procedure, state policy, and her due process rights. EDR concluded, in a July 25, 2003 order, that there was no violation of the grievance procedure by the hearing

officer either "prior to or during the hearing." EDR also noted that "[t]o the extent [Porter's due process violation] assertion is based on purported non-compliance with the grievance procedure, the claim fails." EDR's ruling did not address the allegation of violations of state personnel policy, deferring, as required, to DHRM. See Code § 2.2-3006(A). In its ruling, DHRM found no violation of state personnel policy.

The circuit court found Porter had failed to demonstrate the hearing officer's decision was "contradictory to law."

Analysis

Porter asserts in her question presented that the "decision of the hearing officer is contrary to the law and statutes in the issuance of a Group II Written Notice being rescinded for a Group III Written Notice." However, the only complaint she makes in the argument section of her brief is that she "was never given the opportunity to be heard, to confront witnesses, or the opportunity to have counsel represent her prior to January 10, 2003, the date of her termination."

We note that "[t]he General Assembly has clearly vested review of policy issues involved in employee grievances in the Department of Human Resource Management, and not in the courts." Va. Dept. of State Police v. Barton, 39 Va. App. 439, 446, 573 S.E.2d 319, 323 (2002). Thus, we are bound by the determination that there was no violation of the grievance procedure either prior to or during the hearing. See Tatum v. Dept. of Agr. and Consumer Serv., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003). Therefore, we address only Porter's contention that she was not afforded her due process rights prior to her termination.

Having created a property right in continued employment, a state may not constitutionally authorize the deprivation of such an interest without "appropriate procedural safeguards." Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). Prior to termination, a non-probationary, non-exempt employee of the Commonwealth is entitled to oral

or written notice of the charges, an explanation of the employer's evidence, and an opportunity to respond, appropriate to the nature of the case. Id. at 546. A more comprehensive post-termination hearing follows termination. See Grievance Procedure Manual § 5. The pre-termination notice and opportunity to be heard "need not be elaborate," "need not definitively resolve the propriety of the discharge," nor provide the employee with an opportunity to correct her behavior. Loudermill, 470 U.S. at 545. It need only serve as an "initial check against mistaken decisions - - essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. at 545-46.

Porter was afforded sufficient pre-termination due process. She received notice of the reasons for the termination in the December 13, 2002 and January 13, 2003 letters and the February 27, 2003 Group III Written Notice. She was provided an opportunity to respond to the charges and did so in conjunction with the investigation conducted by NSU's human resources department. She was afforded further opportunity to respond to the allegations through the grievance process of which she availed herself.

Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

Affirmed.