# CIRCUIT COURT OF THE CITY OF RICHMOND

James W. Jacobs

v.

Virginia Employment
Commission

August 4, 2005

Case No. CH04-650-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal noted by a former state employee who filed a grievance following an involuntary termination from employment with a state agency.

James Jacobs was terminated from his position as Assistant Commissioner for Field Operations with the Virginia Employment Commission on September 12, 2003. Jacobs was charged with a Group III offense consisting of an excessive misuse of travel funds, work time, and state equipment. The charges revolve around Jacobs' contacts with Susan Fisher, a Human Resources Consultant with the Virginia Department of Motor Vehicles, an agency with which Jacobs was employed prior to being employed with the Virginia Employment Commission. Questions were raised concerning Jacobs' travel to Northern Virginia where Fisher held an office. After Jacobs' supervisor confronted him about the travel, the large number of telephone calls to Fisher's office, travel expenses associated with travel to Northern Virginia, and a claim that Jacobs had made an unauthorized dissemination of agency personnel information to a person not employed by the agency, a subsequent audit investigation confirmed the charges. The audit revealed that Jacobs conducted telephone conversations with Fisher for over thirteen thousand minutes at an agency cost of about fourteen hundred dollars and were of a personal rather than

professional nature, that Jacobs' questionable travel expenses amounted to more than twenty-five hundred dollars, and that Jacobs had communicated personal information to a non-employee.

The findings generated a Group III written notice and termination of employment based on "misuse of travel funds, work time, and state equipment including [Jacobs'] computer, telephone, issued cell phone, and state car." Under the Department of Human Resource Management Policies and Procedures Manual, dealing with standards of conduct for state employees,' various employee work related information is categorized into three groups. Group I offenses "includes types of behavior least severe in nature but which require correction in the interest of maintaining productive and well-managed work force." DHRM § 1.60(V)(B). Group II offenses "include acts and behavior which are more severe in nature and are such that an additional Group II offense should normally warrant removal." DHRM § 1.60(V)(B)(2). Group III offenses "include acts and behavior of such a serious nature that a first occurrence should normally warrant removal." DHRM § 1.60 (V)(B)(3). Jacobs' Group III written notice explained that "although the unauthorized use or misuse of state property or records is normally a Group II offense, the frequency of phone calls, the amount of time spent on calls, the associated costs of the calls (including salary), and [Jacobs'] position of authority within the VEC warrant a Group III notice and termination for this offense alone."

Jacobs filed a grievance under Va. Code § 2.2-3000 et seq., arguing there, as he does here, that the agency erred in classifying his conduct as a Group III offense and thereby terminating him. Additionally, he argues that, even if the conduct constituted a Group III offense, the agency erred by not considering certain mitigating factors thereby reducing the classification of the offense, which would result in a lesser punishment than termination. The matters went before a hearing officer who took evidence in the form of testimony from witnesses and documents. The hearing officer found that the charges were well founded by a preponderance of the evidence. Following the hearing, Jacobs asked for, and was granted, a review by the Directors of the Department of Human Resource Management and the Department of Employment Dispute Resolution. Both affirmed the outcome and found, in addition, that the hearing officer did not err in finding that the evidence was insufficient to reduce the Agency's discipline on mitigating factors.

On an appeal to the circuit court, as here, the court has the power to affirm, reverse, or modify the hearing officer's decision, if, in the words of *Virginia Dept. of State Police v. Barton*, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002), and the governing statute, Va. Code § 2.2-3006(B), the outcome is "contradictory to law." On this appeal, Jacobs' main contentions are that the

68

evidence only justifies, under the Department of Human Resource Management Policies and Procedures Manual, a Group II Offense, not a Group III, and that the hearing officer failed to properly apply mitigating factors. Either approach, he argues, would not result in termination but a lesser punishment.

The court finds that there is sufficient evidence to support the hearing officer's findings and it is not "contradictory to law." As stated previously, a Group III offense includes "acts and behavior of such a serious nature that a first occurrence should normally warrant removal." Additionally, the DOCPM specifically provides that "the offenses listed in this procedure are intended to be illustrative, not all-inclusive. Accordingly, an offense that, in the judgment of the agency head, although not listed in the procedure, undermines the effectiveness of the agency's activities or the employee's performance should be treated consistent with the provisions of this procedure." DOCPM §5-10.7(C). There is sufficient evidence in the record to support the hearing officer's finding of excessive unauthorized use of state property by Jacobs and the hearing officer's decision to uphold the agency's determination. The hearing officer's decision was based on ample documentation and testimony. The court cannot find based on the evidence that the agency and the hearing officer erred in classifying Jacobs' excessive misuse as a Group III offense. Based on the DOCPM's definition of a Group III offense, the agency head's discretion in classification of the offense, and the agency's reasoning in classifying Jacobs's acts as a Group III offense, the court cannot find that the hearing officer erred in upholding the agency's decision to terminate Jacobs. Despite Jacobs' assertions before the hearing officer and here, the evidence on these matters shows that, rather than being disciplined for having a personal relationship with Fisher, which Jacobs denies and contests on the evidence, he has been terminated for the improper use of agency resources and equipment, by diverting his time and efforts, and causing agency expenses for things other than agency business.

On the matter of mitigating factors. Under the Standards of Conduct, the "agencies may reduce the disciplinary action if there are mitigating circumstances." DHRM Policy No. 1.60. As the agency argues, this does not carry a mandate, but permits consideration of such factors according to the agency's discretion. So, Jacobs' argument that his military record, his time of service, and his actual job performance must be considered in determining the degree of disciplinary action, which in this case he argues warrants a lesser punishment than termination, has no basis because the consideration of mitigating factors is permissive.

Thus, the court finds that the agency determination is not "contradictory to law," and the agency decision will be affirmed.