114

# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Grievance of
Michael Spinos

September 30, 2005

Case No. LT-1577-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on a request by a grievant, a City of Richmond Police Officer, to require implementation of an employee grievance panel decision.

Pursuant to Va. Code § 15.2-1507, local governing bodies are empowered to adopt employee grievance procedures as outlined by statute. Va. Code § 15.2-1507 provides for the "components and features" of employee grievance procedure. The final step for qualifying grievances involves a hearing before an impartial panel. Here, Michael Spinos' grievance went before such a panel of the City of Richmond after he grieved his termination from employment as a City of Richmond police officer.

According to a letter dated June 24, 2005, the panel, known as the Personnel Board, reinstated Spinos to his employment. However, the City, through its Director of Human Resources refused to follow the Personnel Board's decision and Spinos thereafter filed this request to implement the Board's decision.

Spinos was terminated for violating the City Substance Abuse Policy. Spinos testified that he took his wife's prescribed cough syrup after arriving home from work without knowing that the syrup contained codeine. A random drug testing disclosed the presence of codeine, a proscribed substance. The City refused to follow the Board's decision because it found it was not consistent with the policy, which can best be described as one with "zero tolerance."

Va. Code § 15.2-1507(7) gives the local governing body the authority to determine whether the decision of the Board is consistent with written policy. This provision in its pertinent part provides:

> The question of whether the relief granted by a panel is consistent with written policy shall be determined by the chief administrative officer, or his designee. . . .

Although the Board in its written decision acknowledged that the Policy makes an exception for taking a drug "legitimately," that is by prescription, court approval, or supervision and that the policy was not misapplied, it found that the policy was inadequate to meet the unique circumstances of Spinos' innocent intake. It found that, since Spinos had committed a "technical but unknowing violation," he should be reinstated.

"The only grounds of appeal of the . . . [Board's] decision [to the circuit court] is 'that the determination is contradictory to law'." *Virginia Dept. of State Police v. Barton*, 39 Va. App. 439, 573 S.E.2d 319, 322 (2002). Here, the decision is contradictory and cannot be followed. The Board has rewritten the policy to include an exception not intended by the policy language. Although the decision seems unfair, the Board had no authority to change the policy and had a duty to apply it as written. The Board's decision was contradictory to law and must be overturned.

Accordingly, the Petition shall be dismissed.