# CIRCUIT COURT OF THE CITY OF NORFOLK

Old Dominion University

v.

Brett D. Birkmeyer

May 25, 2007

Case No. (Civil) L07-1641

BY JUDGE EVERETT A. MARTIN, JR.

Old Dominion University (the "University") appeals the decision of a hearing officer that reversed its issuance of a Group III notice of disciplinary action terminating Mr. Birkmeyer's employment as a University police officer and awarded him substantial attorney's fees. The administrative proceeding was protracted and contentious.

*Motion to Dismiss*

The University filed its Notice of Appeal on March 20th. Before it could file a brief, Mr. Birkmeyer filed a motion to dismiss. He asks me to dismiss the appeal because: (1) the University did not provide a copy of the Notice of Appeal to the Director (the "Director") of the Department of Employment Dispute Resolution (the "Department"), (2) the Notice of Appeal is broader than the permission to appeal the Director granted the University, and (3) the Notice of Appeal did not specify how the final decision was contrary to law. I deny the Motion.

Section 7.3(a) of the Grievance Procedure Manual does provide that a copy of the Notice of Appeal "must be provided to the . . . EDR Director." The Court's jurisdiction, however, is granted by statute and an executive agency may not circumscribe the exercise of that jurisdiction by the adoption of rules.

Code of Virginia § 2.2-3006(B) does not impose any requirements on the content of the Notice of Appeal; nor does Rule 1:4(d).

*Contradictory to Law*

An appeal from the final decision of a hearing officer is "on the grounds that the determination is contradictory to law." Va. Code § 2.2-3006(B). This standard is different from that used in the determination of other appeals. On appeal from this court to the Supreme Court of Virginia, this court's judgment may be reversed if it is "plainly wrong or without evidence to support it." Va. Code § 8.01-680. On an appeal to this court under the Administrative Process Act, the party complaining of the agency's action must "demonstrate an error of law. . . . Such issues of law include . . . (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact." Va. Code § 2.2-4027. This standard was enacted by 1975 Acts of Assembly c. 503. In appeals of decisions regarding unemployment compensation the commission's decision "if supported by the evidence and in the absence of fraud shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Va. Code § 60.2-625.

The General Assembly was familiar with these standards when it first provided for appeals to the circuit courts from decisions of hearing officers in grievance matters by 2000 Acts of Assembly cc. 947, 1006. The plain wording of Va. Code § 2.2-3006(B) and the explicit references to evidentiary support in Va. Code §§ 8.01-680, 2.2-4027, and 60.2-625 compel the conclusion that I have no authority to review the sufficiency of the evidence upon which the hearing officer made his decision. Most of the arguments the University makes in this appeal are sufficiency of the evidence claims masquerading as "contradictory to law."

It is the University's obligation to identify the law the hearing officer's decision contradicts. *Virginia Department of State Police v. Barton*, 39 Va. App. 439, 445-46, 573 S.E.2d 319, 322 (2002). The University contends the Director acted contradictory to law in adopting the burden shifting method of proof of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and, that even if this was not contradictory to law, the hearing officer misapplied the allocation of proof that case established.

At the hearing on May 10th, I inquired on several occasions about the burden of proof hearing officers had historically used in deciding allegations of racial discrimination. My inquiries were never satisfactorily answered. I concluded that no uniform standard has ever been adopted and that hearing officers have decided such cases *ad hoc*.

Here the Director instructed the hearing officer to apply the *McDonnell Douglas* "framework in light of all alleged discrimination for which the grievant presented evidence at the hearing." Ruling No. 2006-1099 (Nov. 22, 2005). It appears the use of *McDonnell Douglas* was first suggested by Mr. Hogge in his letter of August 4, 2005, to the Director requesting administrative review of the hearing officer's initial decision. Mr. Wright received that letter and made no objection to the suggestion in his own letter to the Director of August 22, 2005. Not did the University object after the Director's ruling and before the hearing began on March 6, 2006, nor at the hearing itself. Transcript, pp. 501-02. It could almost be said to be the law of the case.

The University claims the application of *McDonnell Douglas* was contradictory to law because the Supreme Court of Virginia rejected the approach of that case in *Jordan v. Clay's Rest Home, Inc.*, 235 Va. 185, 483 S.E.2d 203 (1997). If this were a tort action for wrongful discharge, the University would be correct. It is not.

The Supreme Court of Virginia rejected *McDonnell Douglas*, in part, because of the Commonwealth's employment-at-will policy. *Jordan*, 253 Va. at 192, 483 S.E.2d at 207. With the establishment of an employee grievance procedure that gives independent hearing officers the authority to order the reinstatement of discharged non-probationary employees, Va. Code §§ 2.2-3001, 2.2-3005.1(A), it can hardly be said that employees of the Commonwealth are employees at will. The use of the *McDonnell Douglas* "framework" was not contradictory to law.

The University also claims the use of *McDonnell Douglas* was contradictory to law because the plaintiff must belong to a racial minority to carry the initial burden of establishing *a prima facie* case of racial discrimination, 411 U.S. at 802, but Mr. Birkmeyer is white. This, however, is a grievance procedure and not an action under Title VII of the Civil Rights Act of 1964. It appears that, in exercising her authority to adopt rules for grievance hearings the Director chose to adopt the *McDonnell Douglas* "framework" regardless of the grievant's race.

The University's principal contention (pages 3-17 of its Memorandum in Support of the Appeal to Reverse the Hearing Officer's Decision as Contradictory to Law) is that, even under *McDonnell Douglas* the evidence

here does not support a finding of racial discrimination. As previously stated, I do not believe I have the authority under Va. Code § 2.2-3006(B) to review the sufficiency of the evidence. The University, in effect, asks me to apply the "plainly wrong or without evidence to support it" standard of Va. Code § 8.01-680. Had the General Assembly intended to give the circuit courts that authority, it knew the words to use.

The University next argues the decision is contradictory to law because it is inconsistent with several decisions of the U.S. Court of Appeals for the Fourth Circuit. An appeal of a final decision of a grievance hearing is a matter of state law; it is not an appeal of an action under Title VII of the Civil Rights Act of 1964. As such, it is not controlled by the decisions of the Fourth Circuit.

The University's claim that the hearing officer's decision violated its right to manage its personnel was answered in *Tatum v. Virginia Department of Agriculture and Consumer Affairs*, 41 Va. App. 110, 124, 582 S.E.2d 452, 459 (2003). Its final claim, that the hearing officer's decision is contrary to policy, is not one over which I have any jurisdiction. *Barton, supra*, 39 Va. App. at 446-47, 573 S.E.2d at 323.

Va. Code § 2.2-1001 gives the Director the authority to establish the grievance procedure, adopt rules for grievance hearings, and perform all acts as may be necessary or convenient to carry out the provisions of chapter 10 of Title 2.2. The Director could have adopted the traditional burden of proof used in *Jordan*, she could have adopted the *McDonnell Douglas* approach *in toto*, and she could have adopted all, some, or none of the Fourth Circuit's Title VII jurisprudence. If the procedures she has chosen are unwise or inappropriate, the Governor or the General Assembly can change them; however, I do not find that anything she has done here is "contradictory to law."

*Attorney's Fees*

Va. Code § 2.2-3005.1 allows the award of attorney's fees in grievances concerning discharge if the hearing officer finds the employee substantially prevailed on the merits. The hearing officer here found that Mr. Birkmeyer substantially prevailed. The statute further provides that awards of attorney's fees "must be in accordance with rules established by the Department. . . ."

The University has two arguments against the hearing officer's award of attorney's fees to Mr. Birkmeyer. First, the request was not timely. Second, the fees requested were unreasonable.

The timeliness requirement for requests of attorney's fees is not statutory. It is contained in § 7.2(e) of the Grievance Procedure Manual promulgated by the Department. In her Ruling Nos. 2006-1125, 2007-1456, the Director accepted the University's untimeliness objection in part and rejected it in part. She specifically rejected the argument with respect to the re-opened hearing. Va. Code § 2.2-1001(5) provides the Director shall "Render final decisions, containing the reasons for such decisions, on all matters related to procedural compliance with the grievance procedure." Her decision is not appealable. *Tatum, supra*, 41 Va. App. at 118, 582 S.E.2d at 456.

The reasonableness of the amount of the attorney's fees is a question of fact not of law. As the award was not "contradictory to law," I have no authority to reduce it.

Va. Code § 2.2-3006(E) requires me to award reasonable attorney's fees to Mr. Birkmeyer for this appeal. Mr. Hogge shall submit an itemized statement within fourteen days.