## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Ralph Shulz

v.

University of Virginia

August 2, 2007

Case No. 07-115

BY JUDGE EDWARD L. HOGSHIRE

This matter is before the Court on grievant Ralph Shulz's appeal of the final decision of a hearing officer pursuant to § 2.2-3006(A) of the Code of Virginia, which upheld the University of Virginia's (UVA) termination of Mr. Shulz from employment. Both parties have fully briefed the issue and provided proposed findings of fact and conclusions of law to the Court. Having carefully considered the parties' briefs and arguments and the controlling law, the Court finds as follows.

*Findings of Fact*

Mr. Shulz is an eleven-year employee of UVA, serving recently as an IT technician. In September of 2006, Mr. Shulz brought Mojito cocktail ingredients to work in order to have a sendoff "toast" of an employee preparing to graduate from UVA. The employees held the "toast" in the backroom of the workplace after hours with Mr. Shulz, the departing employee, and two other employees, one of whom was under 21 and lied about his or her age. Respondent claims that Mr. Shulz lied about bringing alcohol to the workplace when confronted by his supervisor.

Mr. Shulz did not request written approval to serve alcohol on UVA's property in accordance with policy, and, subsequently, UVA fired Mr. Shulz for breaching the policy. Mr. Shulz filed a timely grievance challenging his

termination from employment, arguing that UVA overstated his misconduct and that termination was too harsh.

At the grievance hearing of December 6, 2004, the hearing officer found that Shulz violated state policy by his actions and upheld the Group III level of offense; however, the hearing officer reduced UVA's termination of Shulz to a thirty-day suspension in his initial ruling. The hearing officer found that Mr. Shulz offered relevant mitigating evidence concerning his "extraordinary contributions" and work as an "outstanding employee."

UVA appealed the hearing officer's ruling to Human Resource Management (HRM) and the Department of Employment Dispute Resolution (EDR). EDR found that the hearing officer exceeded his authority by not deferring to UVA's discipline as required by EDR's Rules for Conducting a Grievance Hearing (Rules) regarding mitigation. Dep't of Employment Dispute Resolution, Rules for Conducting Grievance Hearings, § VI.A.

EDR revised the Rules concerning the hearing officer's discretion to mitigate agency-imposed discipline in 2004. Va. Code Ann. § 2.2-3005(C)(6) (2005).

EDR ordered the hearing officer to revise his decision to comply with the Rules, which the hearing officer subsequently did, affirming UVA's decision to terminate Shulz by final decision. HRM, upon receiving EDR's decision, dismissed UVA's appeal as moot.

*Conclusions of Law*

Under § 2.2-1001(2) and (3) of the Code of Virginia, EDR has the authority to establish the Grievance Procedure and adopt rules for grievance hearings. Further, EDR has the authority to make final, non-appealable decisions regarding procedural compliance with the Grievance Procedure. Va. Code Ann. §§ 2.2-1001(5), 2.2-3003(G).

As of 2004, the Code provides that a hearing officer may only review mitigating evidence of an offense in accordance with the Rules established by EDR. *Id.* § 2.2-3005(C)(6). The Rules provides that hearing officers should give the appropriate level of deference to actions by agency management, which are consistent with law and policy. Rules, § VI.A. The Rules also state that the hearing officer must uphold the agency's decision where it is consistent with law and policy, unless the discipline exceeds the "limits of reasonableness." Rules, § VI.B.

Failure by a hearing officer to comply with the Rules or Procedure permits parties to challenge the hearing officer's decision by appealing to EDR. Dep't. of Employment Dispute Resolution, Grievance Procedure Manual § 6.4.

The circuit courts have jurisdiction to review the final decisions of hearing officers only if they are "contradictory to law." Va. Code Ann. § 2.2-3006(B); *State Police v. Barton*, 39 Va. App. 439, 445-46 (2002).

In this case, the Court lacks jurisdiction because the current Rules permit EDR to revise the hearing officer's decision where it fails to comply with the Rules or Procedure. The Virginia Court of Appeals, in *Tatum v. Virginia Dep't of Agric.*, affirmed that a hearing officer's decision is reviewable by a circuit court only if it is "contradictory to law." *Tatum v. Virginia Dep't of Agric.*, 41 Va. App. 110, 582 S.E.2d 452, 459 (2003). Although the *Tatum* court found that the hearing officer did not contradict law by weighing mitigating/aggravating evidence, EDR has since changed the rules to limit a hearing officer's ability to weigh such evidence, and the General Assembly subsequently codified EDR's amendment. Va. Code Ann. § 2.2-3005(C)(6).

Thus, the hearing officer improperly considered mitigating evidence because UVA's decision to terminate Shulz was not "unreasonable" under Rule § VI.B. The hearing officer did not make a finding that UVA's decision was unreasonable; indeed, he upheld the Group III offense. Instead, the hearing officer, upon hearing Shulz's evidence of mitigation, applied the evidence when evaluating UVA's discipline and neither party suggests that he made an initial finding that the discipline exceeded the "limits of reasonableness." When EDR ordered the hearing officer to revise his decision without factoring in mitigating evidence, he did not find UVA's discipline unreasonable in rendering his final decision.

Shulz failed to establish that EDR's decision and the hearing officer's final decision were "contradictory to law"; therefore, the Court lacks jurisdiction to review the hearing officer's final decision of March 19, 2007.

For the foregoing reasons, the appeal is hereby dismissed.