UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Petty, Chafin and Senior Judge Annunziata


THOMAS E. WALSH

                                                        MEMORANDUM OPINION*
v.        Record No. 0261-13-2                               PER CURIAM
                                                           JUNE 25, 2013
VIRGINIA COMMONWEALTH UNIVERSITY


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Beverly W. Snukals, Judge

              (Thomas E. Walsh, *pro se*, on briefs).

              (Kenneth T. Cuccinelli, II, Attorney General; Wesley G. Russell, Jr.,
              Deputy Attorney General; Ronald R. Regnery, Senior Assistant
              Attorney General; Guy W. Horsley, Jr., Special Assistant Attorney
              General, on brief), for appellee.


       Thomas E. Walsh (Walsh) appeals the decision by the circuit court affirming a decision

of a hearing officer with the Department of Employment Dispute Resolution under the statutory

grievance procedure for state employees pursuant to Code § 2.2-3000 et seq.  The circuit court

affirmed the hearing officer's decision sustaining Walsh's termination as an employee with

Virginia Commonwealth University (VCU).  On appeal to this Court, Walsh argues that the

circuit court erred (1) "in not finding that VCU's actions were a violation of the Fourth

Amendment," (2) "in abdicating its role in the tripartite inquiry for grievance appeals," (3) "in

not finding that VCU's actions were a violation of Virginia's 8VAC90-10-60(3)(4)," (4) "in

failing to address [his] argument that [the hearing officer] was required to make the legal

analysis of 'intent to defraud,'" (5) "in failing to address [that the hearing officer] should have

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

found that VCU violated law in Walsh's termination," and (6) "by wrongfully stating in its order why the parties appeared before it."

Pursuant to Code § 2.2-3006(B), a party may appeal to the circuit court from the decision of a hearing officer under the state grievance procedure. Code § 17.1-405(1) authorizes a further appeal to this Court. However, our Supreme Court has described our standard of review for decisions of this kind as "very narrow . . . ." Va. Polytechnic Inst. & State Univ. v. Quesenberry, 277 Va. 420, 429, 674 S.E.2d 854, 858 (2009). "[B]ecause the General Assembly granted to the circuit courts only the authority to consider whether the final determination of the hearing officer is 'contrary to law,' we are likewise limited to such review in considering whether the trial court erred in its determination." Pound v. Dep't of Game and Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003). In such a review, an appealing party must "'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted.'" Tatum v. Va. Dep't of Agric. & Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (quoting Virginia Dep't of State Police v. Barton, 39 Va. App. 439, 446, 573 S.E.2d 319, 323 (2002)).

We have reviewed the record, the circuit court's order, and the hearing officer's decision and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the hearing officer in his final report, In re: Case No: 9847 (Aug. 2, 2012), as affirmed by the circuit court, Walsh v. Virginia Commonwealth University, Case No. CL12-49059-5 (Jan. 3, 2013). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.