COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia

UNPUBLISHED

DONNA COFFEY

MEMORANDUM* OPINION BY
v.      Record No. 0529-13-4      JUDGE WILLIAM G. PETTY
OCTOBER 29, 2013

VIRGINIA DEPARTMENT OF JUVENILE JUSTICE


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
Susan L. Whitlock, Judge

D. Brock Green (Jones & Green, LLP, on briefs), for appellant.

Wesley G. Russell, Jr., Deputy Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Ronald R. Regnery, Senior
Assistant Attorney General; Guy W. Horsley, Jr., Special Assistant
Attorney General, on brief), for appellee.


Donna Coffey appeals the decision of the Circuit Court of Culpeper County that the

hearing officer's decision to mitigate Coffey's punishment from termination to suspension was

"contradictory to law" within the meaning of Code § 2.2-3006(B). In her third assignment of

error, Coffey argues that the circuit court erred when it determined that the hearing officer's

decision was "contradictory to law" and misapplied the appropriate standard of review in

reaching that decision.[1] For the reasons expressed below, we agree. Accordingly, we reverse the

circuit court's decision and reinstate the hearing officer's decision.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of our decision on this assignment of error, we need not address Coffey's first,
second, and fourth assignments of error.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. Furthermore, although an appellate court ordinarily recites the facts in the light most favorable to the prevailing party in the circuit court, "[i]n cases involving administrative review of state employee grievances, . . . the light-most-favorable rendition of the facts is inapt. The facts of this case came before the circuit court, as they do to us, 'on the record' developed in the agency proceedings." Va. Dep't of Transp. v. Stevens, 53 Va. App. 654, 658, 674 S.E.2d 563, 565 (2009).

Coffey was employed by the Department of Juvenile Justice ("Agency") as a trainer and instructor at one of its facilities. On June 7, 2012, while supervising students clean a hallway, Coffey, "out of reflex" when she heard a student cursing, hit the student's mouth with the back of her hand. Striking residents of the facility is a violation of both Department of Human Resource Management ("DHRM") and Department of Correctional Education policy. The principal of the facility later learned of Coffey's actions and reported the matter to the managers at the Agency's Central Office for further consideration. The managers decided that Coffey should be terminated and ordered the principal to issue the written notice. On June 27, 2012, the principal issued a written notice of a Group III offense to Coffey and terminated her employment with the Agency.

Pursuant to the procedures set forth by the DHRM in its Grievance Procedure Manual, Coffey timely filed a grievance to challenge the Agency's action. On September 26, 2012, the hearing officer issued a decision reducing the Group III written notice with termination to a Group II written notice with a ten-work-day suspension. As a result, Coffey was reinstated to

her same position or its equivalent with back pay. The hearing officer found that the principal, and therefore, the Agency, inconsistently disciplined employees for similar conduct. The principal was aware of another Agency employee who hit students but chose not to report the employee's conduct to the Central Office. This finding of inconsistent application of employee discipline justified the hearing officer in reducing Coffey's discipline. See Rules for Conducting Grievance Hearings § VI(B)(2).

The Agency sought administrative review of that decision by the Office of Employment Dispute Resolution ("EDR") at the DHRM. The EDR determined that the hearing officer's decision was consistent with policy and, therefore, there was no basis upon which to interfere with its decision to mitigate Coffey's discipline. The Agency then appealed the matter to the circuit court. The circuit court reversed the hearing officer's decision, finding that it was "contradictory to law" within the meaning of Code § 2.2-3006, and reinstated the discipline administered by the Agency.[2] Coffey appealed to this Court.

II.

On appeal, Coffey argues that the circuit court erred when it determined that the hearing officer's decision was "contradictory to law" and misapplied the appropriate standard of review in reaching that decision.

"The General Assembly has clearly vested review of policy issues involved in employee grievances in the Department of Human Resource Management, and not in the courts." Va. Dep't of State Police v. Barton, 39 Va. App. 439, 445, 573 S.E.2d 319, 323 (2002). In fact, review of state employee grievances requires a "tripartite review procedure"—vested only minimally in the courts. Id. at 445, 573 S.E.2d at 322. Under this review procedure, "the

---

[2] The circuit court also addressed the hearing officer's finding that Coffey and another employee, whose actions were not reported to the Central Office, were similarly situated. The court held that it did not have authority to review that finding. That issue is not on appeal here.

hearing officer is to act as fact finder and the Director of the [DHRM] is to determine whether the hearing officer's decision is consistent with policy." Id. "[N]either of these determinations is subject to judicial review . . . ." Id. Rather, "[t]he only grounds of appeal of the hearing officer's decision [to the circuit court] is 'that the determination is contradictory to law.'" Id. (quoting Code § 2.2-3006(B)). To reverse the hearing officer's decision, the court must "'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradict[ed].'" Tatum v. Va. Dep't of Agric. & Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (alterations in original) (quoting Barton, 39 Va. App. at 446, 573 S.E.2d at 323). We are likewise limited to such a review in considering whether the circuit court erred in its determination. Pound v. Dep't of Game & Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003).

Moreover, this case is controlled by our decision in Tatum. In Tatum, the employee was issued a Group III written notice and terminated from his employment. Tatum, 41 Va. App. at 114, 582 S.E.2d at 454. The matter came before a hearing officer who reduced the disciplinary action to a Group III written notice without removal. Id. at 115-16, 582 S.E.2d at 455. The hearing officer mitigated the discipline based on consideration of the employee's favorable work performance and nine years of employment with the Commonwealth. Id. at 115, 582 S.E.2d at 455. The circuit court reversed the hearing officer's decision ordering reinstatement, holding that it was "contrary to law because the hearing officer overrode the Department's 'management decision' with respect to the appropriate discipline to impose upon a finding of Group III misconduct, where the Department's decision was not arbitrary or contrary to law." Id. On appeal, this Court reversed the decision of the circuit court, holding that the Department failed to establish that the hearing officer's decision contradicted any "law" and that the circuit court erred by inquiring into whether the hearing officer substituted his judgment for that of the agency. Id.

- 4 -

at 125, 582 S.E.2d at 459. We noted that although the hearing officer should give appropriate deference to agency management decisions that are consistent with law and policy, "no statute or rule provides that the hearing officer may order reinstatement only where the agency's decision was arbitrary or contrary to law." Id. at 123, 582 S.E.2d at 459. In fact, we stated that the hearing officer must review the evidence *de novo* to determine whether the agency has proven by a preponderance of the evidence that the disciplinary action was warranted and appropriate under the circumstances and whether there were mitigating circumstances to justify reduction or removal of the disciplinary action. Id. at 122-23, 582 S.E.2d at 458. We reasoned that it is the purview of the Director of the DHRM to determine whether a hearing officer's decision is consistent with policy. Id. at 121, 582 S.E.2d at 458. That decision is "final and not subject to judicial review as a matter of law." Id. at 118, 582 S.E.2d at 456.

In Tatum, the Department appealed to both the Director of the DHRM and the Director of the EDR—both rejected the Department's assertion that the hearing officer did not follow state policies and procedures in making its decision. Thus, the circuit court in Tatum was bound by the decisions of the Directors of the EDR and the DHRM. We reversed on appeal because the circuit court failed to demonstrate any "law" contradicted by the hearing officer's decision. Id. at 124, 582 S.E.2d at 459.

Here, the circuit court couched its reversal of the hearing officer's decision to mitigate Coffey's termination to a suspension in terms of it being "contradictory to law." However, like the circuit court in Tatum, the circuit court failed to demonstrate that the hearing officer's decision was, in fact, contradictory to law. On the contrary, the circuit court acted as the fact finder in this case and substituted its judgment for that of the hearing officer—it determined that mitigation based on inconsistent application of discipline was inappropriate in this case. However, as we noted in Tatum, "The hearing officer is expressly authorized to reduce the

- 5 -

discipline if the officer finds that the level or severity of discipline for the misconduct was too severe." Id. at 123, 582 S.E.2d at 458. Just as in Tatum, "the adjudicative acts of the hearing officer [in this case] were grounded in and consistent with the provisions of Code §§ 2.2-3003 and 2.2-3005, as well as the Rules for Conducting Grievance Hearings, VI(B)." Id. at 124, 582 S.E.2d at 459.

Moreover, the Agency's assertion that the hearing officer did not follow policy and procedures in considering or weighing mitigating circumstances was rejected by the Director of the EDR. Thus, the circuit court was bound by that policy decision because it is final and not subject to judicial review as a matter of law. See Office of Employment Dispute Resolution, Grievance Procedure Manual, § 7.2(c); see also Code §§ 2.2-1001(5) and 2.2-3003(G). As we stated, "The General Assembly has clearly vested review of policy issues involved in employee grievances in the Department of Human Resource Management, and not in the courts." Barton, 39 Va. App. at 445, 573 S.E.2d at 323.

Therefore, because it did not limit its analysis of the hearing officer's decision to whether it was contradictory to law, the circuit court misapplied the appropriate standard of review and, ultimately, failed to demonstrate any such contradiction.

III.

For the foregoing reasons, we reverse the circuit court's decision.

Reversed.