COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

CELIA W. HODGES

MEMORANDUM OPINION[*]
v.      Record No. 1922-12-2              PER CURIAM
DECEMBER 17, 2013

VIRGINIA DEPARTMENT OF CORRECTIONS

FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
Leslie M. Osborn, Judge

(Caroline Ayres, on brief), for appellant.

(Kenneth T. Cuccinelli, II, Attorney General; J. Michael Parsons,
Assistant Attorney General II, on brief), for appellee.


Celia W. Hodges (Hodges) appeals the decision by the circuit court affirming a

September 26, 2011 decision of a hearing officer with the Department of Employment Dispute

Resolution under the statutory grievance procedure for state employees pursuant to Code

§§ 2.2-3000 *et seq.* The hearing officer upheld the Virginia Department of Corrections' (DOC)

issuance of a Group III written notice of disciplinary action with removal.

On appeal to this Court, Hodges assigns the following as error:

> I. The circuit court committed reversible error in affirming the
> decision of the hearing officer which was issued in violation to
> [her] due process rights and contrary to law.
>
> II. DOC's termination of [her] employment for an alleged failure
> to report an "offender boundary violation," when DOC had not
> charged [her] with this violation is a violation of [her] due process
> rights.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

III. DOC's failure to give [her] a reasonable opportunity to respond to the charge of failure to self-report her alleged "offender boundary violation" violated [her] due process rights.

IV. DOC violated [her] due process rights when it acted arbitrary and capricious [sic] in determining contrary to the evidence that a vague reporting requirement applied to [her].

Pursuant to Code § 2.2-3006(B), a party may appeal to the circuit court from the decision of a hearing officer under the state grievance procedure. Code § 17.1-405(1) authorizes a further appeal to this Court. However, our Supreme Court has described our standard of review for decisions of this kind as "very narrow . . . ." Va. Polytechnic Inst. & State Univ. v. Quesenberry, 277 Va. 420, 429, 674 S.E.2d 854, 858 (2009). "[B]ecause the General Assembly granted to the circuit courts only the authority to consider whether the final determination of the hearing officer is 'contrary to law,' we are likewise limited to such review in considering whether the trial court erred in its determination." Pound v. Dep't of Game and Inland Fisheries, 40 Va. App. 59, 64, 577 S.E.2d 533, 535 (2003). In such a review, an appealing party must "'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted.'" Tatum v. Va. Dep't of Agric. & Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (quoting Virginia Dep't of State Police v. Barton, 39 Va. App. 439, 446, 573 S.E.2d 319, 323 (2002)).

We have reviewed the record, the circuit court's order, and the hearing officer's decision and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the hearing officer in his final report, see In re: Case No: 9654 (Sept. 26, 2011), as affirmed by the circuit court, see Hodges v. Virginia Dep't of Corrs., Case No. CL10-01 (Sept. 27, 2012).

Furthermore, we note the circuit court specifically found that Hodges' due process rights were not violated. The record supports that conclusion. The due process doctrine gives a state employee with a property interest in his employment the right to "oral or written notice of the

- 2 -

charges against him, an explanation of the employer's evidence, and an opportunity to present

his side of the story."  Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); see also

Garraghty v. Jordan, 830 F.2d 1295, 1299 (4th Cir. 1987).  "The elaborate statutory grievance

procedures more than satisfy the minimal requirements of due process."  Virginia Dep't of

Transp. v. Stevens, 53 Va. App. 654, 664, 674 S.E.2d 563, 568 (2009) (footnote omitted).

> "The duty of fair notice does not require such extraordinary and particularized foresight of the specific manner in which a [state employee] might display poor judgment meriting severe discipline."  Swank v. Smart, 898 F.2d 1247, 1253 (7th Cir. 1990).  "Vague, catch-all standards for discipline do not violate due process."  Id. (citing Brasslett v. Cota, 761 F.2d 827, 838 (1st Cir. 1985)).

Id. at 665, 674 S.E.2d at 568.  "When the minimal due process requirements of notice and

hearing have been met, a claim that an agency's policies or regulations have not been adhered to

does not sustain an action for redress of procedural due process violations."  Goodrich v.

Newport News Sch. Bd., 743 F.2d 225, 227 (4th Cir. 1984).

We dispense with oral argument and summarily affirm because the facts and legal

contentions are adequately presented in the materials before this Court and argument would not

aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.