UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia


VIRGINIA DEPARTMENT OF CORRECTIONS

MEMORANDUM OPINION* BY
v.      Record No. 1561-13-3          JUDGE WILLIAM G. PETTY
                                                            JUNE 3, 2014
TAMMY M. HAYDEN


FROM THE CIRCUIT COURT OF WYTHE COUNTY
Charles H. Smith, Jr., Judge Designate

Richard C. Vorhis, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Mark R. Herring, Attorney General,
on briefs), for appellant.

David G. Harrison (The Harrison Firm, PC, on brief), for appellee.


The Virginia Department of Corrections (VDOC) appeals from an order of the circuit

court reversing the Department of Employment Dispute Resolution's (DEDR) decision

sustaining Tammy Hayden's termination from the VDOC.  Hayden's for cause termination was

based upon her failure, in two separate cases, to issue a notice of transfer to a receiving

jurisdiction that a parolee was moving into its district.  On appeal, the VDOC assigns two errors

to the circuit court's decision:  (1) "The [c]ircuit [c]ourt erred as a matter of law in ruling that

Appellee Hayden was denied her right to procedural due process in that the hearing officer

upheld discipline imposed by the Appellant agency in spite of the agency not conducting a full

and thorough disciplinary investigation"; and (2) "[t]he [c]ircuit [c]ourt erred as a matter of law in

ruling that the hearing officer did not make a finding that [Hayden's] actions or inactions endangered

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

public safety." For the reasons stated below, we agree that the circuit court erred; therefore, we reverse the judgment below and reinstate the termination for cause.

I.

On appeal, we ordinarily recite the facts in the light most favorable to the prevailing party below. "In cases involving administrative review of state employee grievances, however, the light-most-favorable rendition of the facts is inapt." Va. Dep't of Transp. v. Stevens, 53 Va. App. 654, 658, 674 S.E.2d 563, 565 (2009). "In reviewing agency factfinding, a circuit court acts much like an appellate court—reviewing the facts developed in the agency record in the light most favorable to the party prevailing in that forum and deferring to agency factfinding unless patently insubstantial." Id. at 658, 674 S.E.2d at 565. We apply the same standard.

II.

A. Judicial Review of Agency Policy

The VDOC first argues that the circuit court erred as a matter of law in ruling that Hayden was denied her right to procedural due process because it failed to conduct a full and thorough disciplinary investigation. We agree.

"[T]he Code of Virginia provides grievance procedures applicable to state agency employees, granting an employee a right to a hearing before a designated hearing officer when that employee has been formally disciplined." Virginia Polytechnic Inst. & State Univ. v. Quesenberry, 277 Va. 420, 428, 674 S.E.2d 854, 858 (2009); see Code §§ 2.2-3001 and 2.2-3004(A)(i). The DEDR will appoint a hearing officer that "has certain powers and duties with regard to a grievance hearing, including consideration of evidence and the determination of appropriate remedies." Quesenberry, 277 Va. at 428, 674 S.E.2d at 858; see Code §§ 2.2-3005 and 2.2-3005.1. "The hearing officer's decision is final and binding 'if consistent with law and policy.'" Quesenberry, 277 Va. at 428, 674 S.E.2d at 858; see Code § 2.2-3005.1(C)(iii).

> If a grievant contends that the hearing officer's decision is contrary to the "policy" of the state agency employing the grievant, the grievant may request that the decision be reviewed by the Director of the Department of Human Resources Management, who shall determine whether the hearing officer's decision "is consistent with [agency] policy."

Quesenberry, 277 Va. at 429, 674 S.E.2d at 858.  Hayden did not request such a "policy" review in this case.  Instead, Hayden appealed the hearing officer's decision directly to the circuit court.

In reviewing the hearing officer's decision, the circuit court held that Hayden

> was denied her right to procedural due process guaranteed by both the Constitution of the United States and the Constitution of Virginia in that the hearing officer upheld the discipline imposed by the [VDOC] when the [VDOC] admitted not only that it failed to follow its own policy that it conduct a "full and thorough disciplinary investigation," but that it conducted no investigation at all.

Thus, the circuit court's ruling is premised on the theory that the VDOC violated its own policy by not conducting a full and thorough investigation.  The circuit court does not have the authority to make such a determination.

> "[T]he hearing officer is to act as fact finder and the Director of the Department of Human Resource Management is to determine whether the hearing officer's decision is consistent with policy.  *In the grievance process, neither of these determinations is subject to judicial review*, but only that part of the grievance determination "contradictory to law."

Quesenberry, 277 Va. at 430, 674 S.E.2d at 859 (emphasis added) (quoting Virginia Dept. of State Police v. Barton, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002)).

Here, the circuit court failed to identify any part of the grievance determination that was "contradictory to law."  Instead, the circuit court held that the VDOC failed to follow its own policy and that failure amounted to a violation of procedural due process.  As stated above, the circuit court does not have the authority to determine whether the VDOC failed to follow its own

policy.[1]  Because of this, the circuit court had no basis for reviewing the hearing officer's

decision.  Accordingly, we hold that the circuit court erred in ruling that Hayden was denied her

right to procedural due process because the VDOC failed to follow its own policy requiring a full

and thorough disciplinary investigation.

B.  Judicial Review of Factual Findings

The VDOC next argues that the circuit court erred in holding that the hearing officer

failed to make a finding that Hayden's action endangered the public safety.  We agree.

The circuit court held

> that the hearing officer did not make a finding that anything
> [Hayden] did endangered public safety.  Counsel for the [VDOC]
> acknowledged in oral argument that if the hearing officer did not
> make a finding that anything [Hayden] did endangered public
> safety, the Group III Written Notice with termination must be
> struck down.[2]

---

[1] Nevertheless, Hayden argues that an agency's violation of its own policy is a due process violation.  Assuming without deciding that the circuit court had the authority to determine whether the agency violated its own policy, the circuit court did not address—and Hayden neither alleges nor argues—that Hayden reasonably and detrimentally relied on the grievance policy requiring a full and thorough investigation.  In Lee v. City of Norfolk, 281 Va. 423, 436, 706 S.E.2d 330, 337 (2011) (quoting Jones v. Bd. of Governors, 704 F.2d 713, 717 (4th Cir. 1983)), the Supreme Court stated, quoting a Fourth Circuit opinion, that "'significant departures from stated procedures of government and even from isolated assurances by governmental officers which have induced reasonable and detrimental reliance may, if sufficiently unfair and prejudicial, constitute procedural due process violations.'"  However, the Supreme Court went on to require that the aggrieved raise this issue in the pleadings or on appeal.  Hayden "neither alleged nor argued that [s]he relied on the 'assurances [of] governmental officers which have induced reasonable and detrimental reliance.'"  Id. at 437, 706 S.E.2d at 337 (quoting Jones, 704 F.2d at 717).

[2] Code § 2.2-3005.1(C) requires:

> The decision of the hearing officer shall (i) be in writing,
> (ii) contain findings of fact as to the material issues in the case and
> the basis for those findings, including any award of reasonable
> attorney fees pursuant to this section, and (iii) be final and binding
> if consistent with law and policy.

This holding is contrary to the factual findings of the hearing officer. The hearing officer made factual findings that the actions, or inactions, of Hayden constituted a breach of public safety. The hearing officer, in her original decision, stated, "There was considerable testimony about the definition of 'public safety.' While no bright line was defined, [Hayden's] actions (or lack thereof) were clearly by all measures a significant breach of safety." Moreover, in her final decision, the hearing officer stated the findings of fact she made in regard to public safety:

> The purpose of probation is to monitor the rehabilitation of offenders and to protect the public, should the offender not assimilate into society. Keeping track of offenders was clearly an integral part of a probation officers [sic] duties which Grievant failed to perform. Grievant admitted she was aware of her duties to be in contact with her wards and she was aware that public safety was a part of her job.

The hearing officer is the fact finder. See Code § 2.2-3005(C)(5). The hearing officer's factual findings are not subject to review and are binding on appeal, unless inconsistent with law and policy. See Barton, 39 Va. App. at 445, 573 S.E.2d at 322. Whether Hayden's actions, or inactions, endangered the public safety is a factual determination that is exclusively within the province of the hearing officer; it is not subject to review by the circuit court unless it is inconsistent with law and policy. Thus, the circuit court could not disregard the hearing officer's factual findings regarding the public safety issue. Accordingly, we hold that the circuit court erred in holding that the hearing officer failed to make a finding that Hayden's actions endangered the public safety.

III. CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court and enter final judgment reinstating the hearing officer's decision.

Reversed and final judgment.