COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


VIRGINIA DEPARTMENT OF STATE POLICE
                                           MEMORANDUM OPINION[*] BY
v.        Record No. 0162-07-1             JUDGE JEAN HARRISON CLEMENTS
                                           DECEMBER 27, 2007
ROSS M. THOMPSON


                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            V. Thomas Forehand, Jr., Judge

                Guy W. Horsley, Jr., Special Assistant Attorney General (Robert F.
                McDonnell, Attorney General; Maureen Riley Matsen, Deputy
                Attorney General; Peter R. Messitt, Senior Assistant Attorney
                General/Chief, on briefs), for appellant.

                Michael F. Imprevento (Breit, Drescher & Imprevento, P.C., on
                brief), for appellee.


        This appeal arises from a judgment of the circuit court reversing a hearing officer's decision

sustaining the disciplinary action taken by the Virginia Department of State Police (VDSP) against

Virginia State Trooper Ross M. Thompson.  On appeal, VDSP contends the circuit court erred in

ruling that the hearing officer's decision was contradictory to law.  For the following reasons, we

reverse the circuit court's judgment and reinstate the hearing officer's decision.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Responding to a vehicle crash on an interstate highway, Virginia State Trooper Ross M. Thompson arrived at the crash site and proceeded to secure the scene. A television cameraman arrived on the scene, parked some distance away from the emergency vehicles, exited his vehicle, and removed his camera. Thompson told the cameraman to leave the scene, and the cameraman complied. Following his departure, the cameraman called the VDSP Public Information Officer (PIO), a sergeant and supervisor to Thompson, to explain his objection to Thompson's request that he leave the crash scene. As a result, the PIO ordered Thompson, through a dispatcher, "that when [the cameraman] pulls back up there in the position he was in [a] while ago, to leave him alone."

When the cameraman returned to the scene, Thompson told him to leave again, asked him for his driver's license and registration, and issued two summonses to the cameraman.

Subsequently, Thompson received a Group III written notice of disciplinary action for (1) failing to allow the media proper access to an accident scene and (2) failing to follow verbal instructions of a supervisor. Thompson filed a grievance challenging the disciplinary action before a hearing officer. Sustaining the disciplinary action, the hearing officer made findings of fact that the PIO ordered Thompson "to leave the [c]ameraman alone," that Thompson "understood the PIO's instruction and knew he should have followed that instruction," and that he "intentionally disobeyed the PIO." Thompson's request for reconsideration from the hearing officer's decision was denied and upon administrative appeal to the Department of Human Resource Management, the hearing officer's decision was upheld.

Having exhausted administrative review, the hearing officer's decision became final and Thompson appealed to the circuit court. See Department of Employment Dispute Resolution, Grievance Procedure Manual §§ 7.2(d) and 7.3(a) (2004). Reversing the hearing officer's decision, the circuit court found "that the verbal instructions of the supervisor given in the case were

unconstitutionally vague and that the determination by the [h]earing [o]fficer was therefore[,] contradictory to law."

This appeal followed.

On appeal, VDSP contends the circuit court erred in finding the hearing officer's decision contradictory to law. To support that contention, VDSP claims that the circuit court "necessarily had to assume that Thompson was confused about whether he was violating any rule or order of a superior to properly invoke the 'void for vagueness' standard." Therefore, VDSP argues, the circuit court acted contrary to its standard of review and improperly resolved factual issues that had been "foreclosed by the findings of the hearing officer."

"Upon judicial review from the administrative grievance hearing, the circuit court, based on the record and sitting without a jury, may affirm, reverse or modify the hearing officer's decision." Tatum v. Va. Dep't of Agric. and Consumer Servs., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003) (citing Code § 2.2-3006). "However, the only grounds of appeal of the hearing officer's decision [to the circuit court] is 'that the determination is contradictory to law.'" Va. Dep't of State Police v. Barton, 39 Va. App. 439, 445, 573 S.E.2d 319, 322 (2002) (quoting Code § 2.2-3006).

Here, in resolving the question of whether the PIO's instructions were unconstitutionally vague, the circuit court necessarily examined Thompson's conduct and his reaction to the PIO's instructions. See Commonwealth v. Hicks, 267 Va. 573, 580-81, 596 S.E.2d 74, 78 (2004) ("'A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.'" (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982))). Indeed, the circuit court logically had to conclude that Thompson was confused and did not understand the PIO's instructions "to leave the cameraman alone." As a result, the circuit court, in contravention of

- 3 -

its standard of review, improperly disregarded the hearing officer's factual finding that Thompson, in fact, understood the PIO's instructions.  See Barton, 39 Va. App. at 445, 573 S.E.2d at 322 ("In the grievance process, [the hearing officer's determinations as fact finder are not] subject to judicial review, but only that part of the grievance determination "contradictory to law.").  Accordingly, we find the circuit court erred in ruling that the hearing officer's decision was contradictory to law.

For these reasons, we reverse the circuit court's judgment and reinstate the hearing officer's decision.

Reversed and final judgment.