COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


PHANENDHARNADH L. N. KONE

                                                            MEMORANDUM OPINION*
v.       Record No. 0974-09-2                                    PER CURIAM
                                                              NOVEMBER 24, 2009
VIRGINIA DEPARTMENT OF STATE POLICE


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                  Michael C. Allen, Judge

               (Phanendharnadh L.N. Kone, *pro se*, on briefs).

               (William C. Mims, Attorney General; Maureen Riley Matsen,
               Deputy Attorney General; Peter R. Messitt, Senior Assistant
               Attorney General; Ronald N. Regnery, Senior Assistant Attorney
               General, on brief), for appellee.


        Phanendharnadh L.N. Kone, appellant, appeals a decision of the trial court affirming the

decision of the hearing officer under the grievance procedure for state employees and dismissing

appellant's appeal thereof.  On appeal, appellant argues:  (1) the trial court erred by not finding that

the hearing officer's decision was contradictory to law; (2) numerous documents admitted at his

hearing were forged or falsified; and (3) his supervisors at the Virginia Department of State Police

(VDSP) were not qualified or competent to assess his skills.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

        Appellant was formerly employed by the VDSP as a senior programmer/analyst.  After

receiving complaints about his work, appellant's supervisors met with him on several occasions to

discuss his work performance issues.  In August 2008, appellant received a Group II Written Notice

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for "[f]ailure to follow a supervisor's instructions, perform assigned work or otherwise comply with applicable established written policy."

Appellant challenged the issuance of the Group II Written Notice through the state employee grievance procedure.  See Code § 2.2-3000 *et seq*.  After an evidentiary hearing, the hearing officer found the VDSP met its burden of proof regarding the issuance of the Group II Written Notice.  Appellant requested reconsideration of the hearing officer's decision, which was denied.

Appellant appealed his case to the trial court.  In its order entered on April 8, 2009, the trial court found that appellant had "failed to reference, cite and/or otherwise identify any statute (and/or other legislation), judicial precedent and/or accepted legal principle in support of his claim that the decision of the hearing officer was 'contradictory to law'-- as required by Code § 2.2-3006(B) for the reversal of that decision."  The trial court dismissed the appeal and affirmed the decision of the hearing officer.  Appellant appealed the trial court's decision to this Court.

> [A] party appealing from a hearing officer's decision to a circuit court is required to "specify how that decision [was] 'contradictory' to law and what 'law' [was] thereby being contradicted."  The appealing party must "identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted."

Virginia Polytechnic Inst. and State Univ. v. Quesenberry, 277 Va. 420, 429, 674 S.E.2d 854, 858 (2009) (citations omitted).

> The General Assembly has articulated a very narrow standard of review to be applied by the circuit court in such appeals.  Because this standard focuses solely on the question whether the hearing officer's decision is contradictory to any applicable law, the party appealing the hearing officer's decision properly bears the burden of identifying the law thereby contradicted.

Id.

"'Law' is the 'aggregate of legislation, judicial precedents and accepted legal principles.'" Virginia Dep't of State Police v. Barton, 39 Va. App. 439, 446, 573 S.E.2d 319, 323 (2002) (quoting Black's Law Dictionary 889 (7th ed. 1999)).

In the document appellant filed in the trial court entitled "Reply to Agency's Memorandum of Law in Opposition to Grievant's Appeal," appellant stated, generally, "[t]he decision of [the] hearing officer is 'contradictory to law.'" However, appellant did not "specify how that decision [was] 'contradictory' to law and what 'law' [was] thereby being contradicted." Quesenberry, 277 Va. at 429, 674 S.E.2d at 858 (quoting Tatum v. Virginia Dep't of Agric., 41 Va. App. 110, 122, 582 S.E.2d 452, 458 (2003)). As in Quesenberry, appellant "failed to identify to the trial court any applicable constitutional provision, statute, regulation, or court precedent of this Commonwealth that the hearing officer contradicted." Id.

In addition, the issues appellant raised on appeal to the trial court involved evidentiary materials, witness competency and credibility matters, and the hearing officer's findings of fact, all of which were beyond the scope of review of the trial court pursuant to Code § 2.2-3006(B). "[T]he only grounds of appeal of the hearing officer's decision is 'that the determination is contradictory to law.'" Barton, 39 Va. App. at 445, 573 S.E.2d at 322 (quoting Code § 2.2-3006(B)). The hearing officer's decision is final and binding 'if consistent with law and policy.' Code § 2.2-3005.1(C)(iii)." Quesenberry, 277 Va. at 428, 674 S.E.2d at 858. "[B]ecause [appellant] failed to identify any applicable law that was contradicted by the hearing officer's decision, [appellant]'s appeal to the circuit court failed from its inception." Id. at 430, 674 S.E.2d at 859.

Appellant also requests that we remand this case to the trial court for an award of costs pursuant to Code § 2.2-3006(E). Code § 2.2-3006(E) provides that a court shall award an employee reasonable attorney's fees and costs if the employee "substantially prevails on the

merits of a case brought under subsection B or D." Appellant has not substantially prevailed on the merits of the case. Therefore, we deny appellant's request.

Accordingly, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>