# CIRCUIT COURT OF THE CITY OF RICHMOND

Daniel Arceo

v.

Department of
Social Services

March 26, 2015

Case No. CL14-218

BY JUDGE HERBERT C. GILL, JR.

This matter was brought before the Court on February 18, 2015, on Petitioner Daniel Arceo's Petition for Review ("Petition") of the decision of a hearing officer under the state employee grievance procedures. The Respondent Department of Social Services ("DSS," or "Department"), Arceo's former employer, filed timely responses. The Court called for the Petition to be heard, and both parties offered oral argument. The Court took the matter under advisement, pending the issuance of this letter opinion.

*Analysis*

The facts of this case are unchanged from their presentation in the decision of the hearing officer pursuant to this court's limited scope of review in cases such as these. *See* Pl.'s Pet. for Review, Ex. 1, p. 4 (Decision of the Hearing Officer) (hereinafter "Decision"). As statutorily proscribed, an Office of Employment Dispute Resolution ("OEDR") hearing officer has certain powers and duties with respect to consideration of evidence and determination of remedies in employee grievance cases. *See* Va. Code Ann. §§ 2.2-3005 and 2.2-3005.1. The hearing officer's decision is "final and binding if consistent with law and policy." Va. Code Ann. § 2.2-3005.1(C)(iii). The hearing officer "is to act as fact finder," and, in the grievance process, these factual determinations are not subject to judicial review. *Virginia Dept. of State Police v. Barton*, 39 Va. App. 439, 445

(2002). Circuit court review "focuses solely on the question whether the hearing officer's decision is contradictory to any applicable law, [and] the party appealing the hearing officer's decision properly bears the burden of identifying the law thereby contradicted." *Virginia Polytechnic Inst. & State Univ. v. Quesenberry*, 277 Va. 420, 429 (2009).

As advanced by the Respondent, Arceo has not identified any *law* that was contradicted by the Decision and has, therefore, failed to meet his burden on appeal. Essentially, Arceo asks this Court to review and revisit the factual findings of the hearing officer. The Court cannot do that, and, moreover, the factual findings of the hearing officer are amply supported by the record.

Arceo's first basis for appeal is that the hearing officer "erroneously concluded that a Group II Written Notice was properly issued to Arceo because he inadvertently missed a 30 minute meeting." Pl.'s Pet. for Review 1. It is the burden of a litigant to "identify to the circuit court any applicable constitutional provision, statute, regulation, or court precedent of this Commonwealth that the hearing officer contradicted." *Quesenberry*, 277 Va. at 429. Although Arceo is aggrieved at this finding by the hearing officer, he has not specified any "law" violated. Therefore, this basis for appeal fails.

Arceo's second basis for appeal is that the hearing officer "erroneously interpreted and applied Department of Human Resource Management ("DHRM") Standard of Conduct 1.60 to the facts of this case." Pl.'s Pet. for Review 1. Standards of Conduct 1.60 is essentially a "policy manual," the purpose of which is to set forth the Commonwealth's standards of conduct and the disciplinary process that agencies must utilize to address unacceptable behavior. As established in *Barton*, "[i]nterpretation of state agency policy is itself a matter of policy, absent a statutory enactment to the contrary, and not a matter of law." 39 Va. App. at 446. DHRM policy is not "law" for the purposes of this Court's review. "The General Assembly has clearly vested review of policy issues involved in employee grievances in the Department of Human Resource Management, and not in the courts." *Id*. Therefore, this basis for appeal fails.

Arceo's third and final basis for appeal is that the hearing officer "erroneously examined the issue of mitigation." Pl.'s Pet. for Review 1. Mitigation is not mandatory in grievance hearings; the relief ordered by the hearing officer "*may* include ... mitigation or reduction of the agency disciplinary action." Va. Code Ann. § 2.2-3005.1(A). Mitigation must be "in accordance with rules established by the Department of Human Resource Management." Va. Code Ann. § 2.2-3005. These rules include the Rules for Conducting Grievance Hearings, which state that "[a] hearing officer must give deference to the agency's consideration and assessment of any mitigating and aggravating circumstances." Decision at 6. Accordingly, the hearing officer may only mitigate the agency's discipline if the discipline

exceeds the limits of reasonableness. *Id.* The hearing officer specifically considered mitigation and this standard in his decision and gave the appropriate deference to the agency's determination on the issue. Pursuant to the applicable law and policy, that is all that the hearing officer was required to do. Therefore, this basis for appeal fails.

## Conclusion

For the reasons cited above, the Court affirms the Decision, and Arceo's appeal is dismissed with prejudice.