UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

DANIEL ARCEO

MEMORANDUM OPINION[*]

v.      Record No. 0083-16-2                                    PER CURIAM
                                                               JULY 5, 2016

DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Herbert Gill, Jr., Judge Designate

(Richard F. Hawkins, III; The Hawkins Law Firm, PC, on brief), for
appellant.

(Mark R. Herring, Attorney General; Rhodes B. Ritenour, Deputy
Attorney General; G. William Norris, Jr., Assistant Attorney
General; Liza S. Simmons, Assistant Attorney General, on brief), for
appellee.

Daniel Arceo (appellant) appeals from the decision of the Circuit Court of the City of

Richmond (circuit court) affirming the decision of a hearing officer of the Office of Employment

Dispute Resolution (EDR) at the Department of Human Resource Management (DHRM). For

the reasons that follow, we summarily affirm the decision of the circuit court. See Rule 5A:27.

Appellant was removed from his employment at the Virginia Department of Social

Services (DSS) after he received two "Group II Written Notices" of disciplinary action.

Appellant filed grievances of the actions of DSS. Following a hearing, an EDR hearing officer

made findings of fact and upheld the issuance of the two disciplinary actions and appellant's

removal from employment. Upon administrative review conducted at appellant's request, EDR

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and DHRM upheld the hearing officer's decision, finding it was not inconsistent with agency policy.

Pursuant to Code § 2.2-3006(B), appellant filed a petition for review in the circuit court from the hearing officer's decision. Appellant argued that the hearing officer had misclassified his conduct as a "Group II" disciplinary action, the classification by the hearing officer was unreasonable and, thus, his termination was contrary to DHRS policy. The circuit court found appellant failed to demonstrate the hearing officer's decision was "contradictory to law," as required by Code § 2.2-3006(B), affirmed the hearing officer's decision, and dismissed the matter with prejudice.[1]

On appeal to this Court, appellant contends the hearing officer's decision was contradictory to law. He asserts that one of the "Group II" disciplinary actions was issued improperly because he "inadvertently missed a 30 minute meeting." He also claims the hearing officer erroneously interpreted DHRM Standards of Conduct and examined the issue of mitigation.[2]

---

[1] In the final order, the circuit court found appellant had "failed to reference, cite and/or otherwise identify any statute (and/or other legislation), judicial precedent and/or accepted legal principle in support of his claim that the decision of the hearing officer was 'contradictory to law' -- as required by Virginia Code § 2.23006(B) for the reversal of that decision."

[2] Appellant also contends the hearing officer's decision violated constitutional due process protections. Appellant did not raise this issue in the circuit court. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this aspect of appellant's argument on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might

In <u>Virginia Tech. v. Quesenberry</u>, 277 Va. 420, 428-29, 674 S.E.2d 854, 858 (2009), the

Supreme Court of Virginia explained the procedure and applicable standard of review in

grievance proceedings for state employees:

> In a plainly stated statutory framework, the Code of
> Virginia provides grievance procedures applicable to state agency
> employees, granting an employee a right to a hearing before a
> designated hearing officer when that employee has been formally
> disciplined.  <u>See</u> Code §§ 2.2-3001 and 2.2-3004(A)(i). . . .
>
> As provided by statute, a hearing officer appointed by the
> Department of Employment Dispute Resolution has certain powers
> and duties with regard to a grievance hearing, including the
> consideration of evidence and the determination of appropriate
> remedies.  Code §§ 2.2-3005 and 2.2-3005.1.  The hearing
> officer's decision, which must be in writing, shall contain findings
> of fact and the hearing officer's basis for making those factual
> findings.  Code § 2.2-3005.1(C)(i) and (ii).  The hearing officer's
> decision is final and binding "if consistent with law and policy."
> Code § 2.2-3005.1(C)(iii).
>
> If a grievant contends that the hearing officer's decision is
> contrary to the "policy" of the state agency employing the grievant,
> the grievant may request that the decision be reviewed by the
> Director of the Department of Human Resources Management,
> who shall determine whether the hearing officer's decision "is
> consistent with [agency] policy." Code § 2.2-3006(A). . . .
>
> . . . [A]s permitted by Code § 2.2-3006(B), [a grievant may]
> appeal[] to the circuit court from the hearing officer's decision on
> the ground that the hearing officer's decision was "contradictory to
> law."  Under that statutory provision, if an unsuccessful grievant
> establishes that the hearing officer's decision is "contradictory to
> law," the circuit court may reverse or modify the hearing officer's
> decision.  <u>See</u> Code § 2.2-3006(B).
>
> The Court of Appeals previously has held that a party
> appealing from a hearing officer's decision to a circuit court is
> required to "specify how that decision [was] 'contradictory' to law
> and what 'law' [was] thereby being contradicted." <u>Tatum v.
> Virginia Dept. of Agric.</u>, 41 Va. App. 110, 122, 582 S.E.2d 452,
> 458 (2003) (quoting <u>Virginia Dept. of State Police v. Barton</u>, 39

> have occurred." (emphasis added)).  We will not consider, *sua
> sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

- 3 -

Va. App. 439, 445-46, 573 S.E.2d 319, 322 (2002)). The appealing party must "identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted." Tatum, 39 Va. App. at 122, 582 S.E.2d at 458 (quoting Barton, 39 Va. App. at 446, 573 S.E.2d at 323).

We agree with this analysis of the burden of a litigant who appeals a hearing officer's decision to a circuit court. The General Assembly has articulated a very narrow standard of review to be applied by the circuit court in such appeals. Because this standard focuses solely on the question whether the hearing officer's decision is contradictory to any applicable law, the party appealing the hearing officer's decision properly bears the burden of identifying the law thereby contradicted.

Moreover, "[i]nterpretation of state agency policy is itself a matter of policy, absent a statutory enactment to the contrary, and not a matter of law." Barton, 39 Va. App. at 446, 573 S.E.2d at 323.

In the circuit court, appellant challenged the factual findings of the hearing officer and contended those findings did not comply with agency policy. Appellant thus failed to demonstrate that the hearing officer's decision was contradictory to law. See Quesenberry, 277 Va. at 429, 674 S.E.2d at 858.

On appeal in a grievance proceeding, this Court's review likewise is limited to whether the hearing officer's decision is "contradictory to law." See Virginia Dep't of Corrections v. Compton, 47 Va. App. 202, 219, 623 S.E.2d 397, 405 (2005). Having reviewed the record, the circuit court's order, and the hearing officer's decision, we find no basis to conclude the hearing officer's decision was "contradictory to law." Accordingly, the appeal is without merit. We affirm for the reasons stated by the hearing officer in his decision, see In re Case No. 10172/10173 (Oct. 3, 2013), as affirmed by the circuit court, see Arceo v. Dep't of Soc. Servs., Case No. 760CL14000218-00 (Dec. 15, 2015). We dispense with oral argument and summarily

- 4 -

affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>